UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 07-60789-CIV-MARRA/JOHNSON

FRANK L. STEELE, an individual
d/b/a FRANK L. STEELE & COMPANY,

    Plaintiff,

v.

MID-CONTINENT CASUALTY
COMPANY, a foreign corporation;
MID-CONTINENT CASUALTY
GROUP, a foreign corporation;
GREAT AMERICAN INSURANCE
COMPANIES, a foreign corporation;
FLORIDA HOME BUILDERS AGENCY,
a Florida corporation; FLORIDA HOME
BUILDERS INSURANCE, INC., a
Florida corporation; FLORIDA HOME
BUILDERS POLITICAL ACTION
COMMITTEE & DESIGN A CIRCLE
WITH A STAR, DOLLAR SIGN WITH
HAMMER AND MALLET, and NAIL IN
THE CENTER OF THE CIRCLE, a Florida
association, jointly and severally,

    Defendants.
_____/

## OPINION AND ORDER REMANDING CASE TO STATE COURT

    THIS CAUSE is before the Court on Plaintiff Frank L. Steele's Motion to Remand. (DE 4.) Defendants Mid-Continent Casualty Company, Mid-Continent Casualty Group and Great American Insurance Company filed a response (DE 7), and Plaintiff subsequently replied. (DE 10.) The motion is now fully briefed and is ripe for review. Defendants also filed a Motion to Strike a portion of Plaintiff's Reply. (DE 11.) This motion is also fully briefed, and the Court

1

will address that motion in this Opinion.  The Court has carefully reviewed all of the parties briefs and is otherwise advised in the premises.

### *Background*

Plaintiff Frank L. Steele filed a five-count complaint in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, on April 30, 2007, bringing actions for breach of contract, indemnity, negligence, fraud in the inducement, and a declaratory judgment.  (DE 1.)  The facts, as alleged in the Complaint, are as follows: Plaintiff Frank L. Steele ("Plaintiff") is an individual doing business as Frank L. Steele and Company.  (Compl. ¶ 2.)  On October 28, 2001, Plaintiff purchased insurance policies to cover the construction of a home Plaintiff was building for some clients.  (Compl. ¶ 10.)  Plaintiff "was required to, and did pay, a membership fee" to Defendant Florida Home Builders ("FHB"), who then arranged the insurance coverage provided by Defendants Mid-Continent Casualty Company ("MCCC"), Mid-Continent Casualty Group ("MCCG") and Great American Insurance Companies ("Great American").  (Compl. ¶ 10.)  Plaintiff renewed these policies in October 2002, extending coverage for another year.  (Compl. ¶ 11.)  On May 1, 2003, Plaintiff was sued by the client for whom he was building the home.  (Compl. ¶ 16.)  Plaintiff attempted to make claims on the insurance policies, but MCCG, on Great American's behalf, "categorically denied the very coverage that they had contractually agreed to provide."  (Compl. ¶ 17.)

Plaintiff has brought a declaratory judgment action against all of the parties, seeking a "declaration of Plaintiff's rights and duties under the Policy of insurance issued by Defendants." (Compl. ¶ 26.)  Plaintiff has also brought counts for breach of contract and indemnity against all Defendants as well as claims of negligence and fraud in the inducement against Florida Home

Builders alone.

Defendants MCCC, MCCG, and Great American ("Defendants") filed a Notice of Removal with this Court on June 6, 2007. (DE 1.) Those Defendants assert that this Court has jurisdiction pursuant to 28 U.S.C. § 1332: the amount in controversy under these policies exceeds $75,000; MCCC and MCCG are both Oklahoma corporations with their principal places of business in Oklahoma; and Great American is an Ohio corporation with its principal place of business in Ohio. (Notice of Removal ¶ 3-4, 6.) As Plaintiff is a citizen of Florida, complete diversity exists and this Court's jurisdiction is alleged to be proper. As for Defendant Florida Home Builders, Defendants claim that FHB was "either fraudulently joined to defeat diversity jurisdiction . . . or is not required since the interests of the other defendants are more properly aligned with the interests" of Plaintiff. (Notice of Removal. ¶ 8.) Plaintiffs have moved to remand the action, claiming that FHB was not fraudulently joined to the action. As such, Plaintiff asserts that complete diversity does not exist, and this Court does not have jurisdiction over this case.

### *Standard of Review*

A defendant may remove any civil action brought in a state court over which a federal court would also have original jurisdiction. 28 U.S.C. § 1441(a). However, the burden of establishing federal jurisdiction under § 1441 rests with the party seeking removal. *Carson v. Dunham*, 121 U.S. 421, 425 (1887); *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). The right of removal is strictly construed, as it is considered a federal infringement on a state's power to adjudicate disputes in its own courts. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). Thus, when the Court's jurisdiction over a case is doubtful, doubts are resolved

3

in favor of remand.  *See Crowe v. Coleman*, 113 F.3d 1536, 1539 (11th Cir. 1997).

### *Discussion*

### *Fraudulent Joinder*

The Eleventh Circuit has provided substantial guidance for the district courts in situations where a party removes a case from state court, alleging fraudulent joinder of the non-diverse parties:

> In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.  The burden of the removing party is a "heavy one."
>
> To determine whether the case should be remanded, the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff. *Crowe*, 113 F.3d at 1538.

In this case, Defendants do not allege that Plaintiff fraudulently pled jurisdictional facts; instead, Defendants argue that Plaintiff has no cause of action under Florida law against FHB.

The question of whether Plaintiff has a valid cause of action under Florida law is resolved by the Florida Supreme Court's holding in *Blumberg v. USAA Casualty Insurance Co.*, 790 So.2d 1061 (Fla. 2001).  In *Blumberg*, the plaintiff owned two houses – his "new" home, in which he resided, and his "old" home, which he rented out.  *Id.* at 1062.  The plaintiff maintained insurance on the old home for many years underwritten by St. Paul Insurance Company, and the plaintiff continued that coverage after he stopped residing at that location.  *Id.*  Some years later, the plaintiff stored some valuable sports cards in his old home.  *Id*.  The plaintiff called his insurance agent to confirm that his policy with St. Paul covered the cards in case of loss; the

agent confirmed that the cards were covered under the policy. *Id.* at 1062-63. One day, someone broke into the old house, and all of the cards were stolen. *Id.* at 1063. The plaintiff submitted a claim, but the claim was denied. *Id.*

The plaintiff filed suit against the insurance agent, first asserting that the insurance agent was in an agency relationship with St. Paul. Before final judgment was entered in that action, the plaintiff dismissed his claim. *Id.* The plaintiff then brought a second action against the same insurance agent (this time, as the plaintiff's agent, not as the agent for the insurance company) for negligence for failure to procure adequate insurance. *Id.* The agent raised the defense of the statute of limitations; the trial court agreed and entered summary judgment for the agent. *Id.* The District Court of Appeal affirmed, stating that the cause of action for negligence against the agent accrued when the plaintiff brought the first action. *Id.*

The Florida Supreme Court reversed the District Court of Appeal and held as follows:

> . . .[W]e hold that, in the circumstances presented here, a negligence/malpractice cause of action accrues when the client incurs damages at the conclusion of the related or underlying judicial proceedings or, if there are no related or underlying judicial proceedings, when the client's right to sue in the related or underlying proceeding expires. *Id.* at 1065.

In other words, when an individual sues both her insurance company for breach of contract for failure to pay on a policy and her agent for negligence, the action against the agent does not accrue until judgment is rendered in the case against the insurance company.

This part of *Blumberg* suggests that Plaintiff cannot maintain an action against FHB at this time. The negligence action against FHB, under this rule, does not accrue until after the Court determines whether MCCC, MCCG, and Great American are liable to Plaintiff under the policies he purchased. Thus, at first glance, it appears that Plaintiff cannot maintain a valid cause

of action against FHB, suggesting that joinder of FHB to this case is inappropriate.

Nevertheless, the Court's inquiry does not end here. The *Blumberg* court went on to state that "if a negligence/malpractice action is filed during the time that a related or underlying judicial proceeding is ongoing, then the defense can move for an abatement or stay of the claim on the ground that the negligence/malpractice action has not yet accrued." *Id.* at 1065. Under Florida law, "[m]ere prematurity [of an action], which is by definition curable simply by the passage of time is, however, not a proper basis for the outright dismissal of an action." *Anagrand v. Fox*, 552 So. 2d 1113, 1115 (Fla. 3d Dist. Ct. App. 1989), *cited with approval in Blumberg*, 790 So. 2d at 1065 n.2. Instead, when the negligence action against the agent is brought before the resolution of the action against the insurance company, *Blumberg* instructs that the Court should abate, not dismiss, the claim against the agent. *Blumberg*, 790 So. 2d at 1065.

Should the Court abate the claims against FHB rather than dismiss those claims, FHB would remain a party to the instant action. Thus, the parties in this case would not be completely diverse. Further, the Court cannot say with certainty that the claim against FHB is "fraudulent," given the fact that Florida law would not allow dismissal of the claim. The Court cannot say with certainty that "no chance" exists that Plaintiff would be unable to sustain the action against FHB in state court. The effect of an abated claim against a non-diverse defendant on federal subject matter jurisdiction is indeed not clear, but the Court "must resolve any uncertainties about state substantive law in favor" of the non-moving party. *Crowe*, 113 F.3d at 1538. As such, the Court concludes that Defendants MCCC, MCCG, and Great American have not met their "heavy burden" of demonstrating that joinder of the claims against FHB was fraudulent,

6

justifying FHB's dismissal from this case.

*Realignment of the Parties*

Defendants MCCC, MCCG, and Great American argue alternatively that the parties should be "realigned" to reflect their "true interests," thus creating complete diversity.  The Court assumes Defendants are looking to the Supreme Court's holding in *City of Indianapolis v. Chase National Bank*, 314 U.S. 63 (1941), for the proposition that the Court should "look beyond the pleadings, and arrange the parties according to their sides in the dispute." *Indianapolis*, 314 U.S. at 69 (quoting *Dawson v. Columbia Ave. Saving Fund, Safe Deposit, Title & Trust Co.*, 197 U.S. 178, 180 (1905)).  Realignment allows the federal courts to ensure they are adjudicating true "cases or controversies" and avoiding advisory opinions.  *See Federal Insurance Co. v. Bill Harbert Construction Co.*, 82 F. Supp. 2d 1331, 1333-34 (S.D. Ala. 1999).

The Court declines Defendants' invitation to realign the parties for purposes of this litigation.  Defendants offer only one sentence to justify the "true alignment" of interests in this case.[1]  Defendants then cite to an Eleventh Circuit case and a former Fifth Circuit case stating that parties should be aligned according to their true interests.  However, Defendants fail to provide any meaningful argument as to how the realignment doctrine should be applied.  The Eleventh Circuit has not addressed the issue, and the other circuits are split on whether to "look to the 'principal purpose of the suit' in deciding whether there is a sufficient collision of interest to avoid realignment or whether the existence of any 'actual, substantial controversy' may suffice to sustain the pleaded positions of the parties." *Bill Harbert Construction*, 82 F. Supp. 2d at

---

[1]The Florida Home Builder Defendants want coverage to exist under the Insurance Company Defendants' policy so that Steele will look to the policies and not them to collect on a judgment.  (Def. Mem. 6.)

1334.  The Court declines to *create* subject matter jurisdiction where it does not appear to exist, based on a one-sentence statement that the parties are misaligned.  In any event, FHB's interests are only "aligned" with Plaintiff insofar as FHB may be able to use a final judgment against Defendants to its advantage.  An actual controversy exists between Plaintiff and FHB, and in terms of the "principal purpose" of the suit, Plaintiff's interest in indemnification appears adverse to the interests of both FHB and the other Defendants.

Further, the Court notes that Defendants mischaracterize the burden of proving the propriety of removal.  Defendants state that "Steele's Motion to Remand does not even address [the realignment] argument, thus conceding this issue."  (Def. Mem. 5.)  Plaintiff needs to prove nothing – if Plaintiff opposes removal, *Defendants* must demonstrate that this Court has subject matter jurisdiction over this dispute. In addition, the parties cannot "concede" subject matter jurisdiction over a given dispute.  *See Tamiami Partners, Ltd. v. Miccosukee Tribe of Indians of Florida*, 177 F.3d 1212, 1222 (11th Cir. 1999) ("It is well settled that parties cannot create subject matter jurisdiction by agreement.").  The Court denies Defendants' motion to strike as moot, because Defendants' argument regarding realignment must be dismissed as inadequate on its face.

### *Conclusion*

Accordingly, it is hereby **ORDERED AND ADJUGED** that Plaintiff's Motion to Remand (DE 4) is hereby **GRANTED**.  This case is **REMANDED** back to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.  Defendants' Motion to

Strike (DE 11) is **DENIED AS MOOT**.

  **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County,

Florida, this 13th day of November, 2007.

                 _____
                 KENNETH A. MARRA
                 United States District Judge

Copies furnished to:
All counsel of record